UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JERRY LYNN PARKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:02CV63 CEJ |
| JIM MOORE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Jerry Lynn Parker, an inmate at the Northeast Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that the defendant violated his rights under the First Amendment by imposing restrictions on the manner in which plaintiff could receive money in payment for articles he published. Defendant Jim Moore, the associate superintendent at the prison, now moves for summary judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The plaintiff has filed a response.

The defendant asserts that he is entitled to judgment as a matter of law, in part because plaintiff failed to exhaust administrative remedies prior to filing this action. Under the Prison Litigation Reform Act, 42 U.S.C. §1997e, a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for

prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). Exhaustion is an affirmative defense which must be proved by defendant and need not be pleaded by plaintiff. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam); Foulk, 262 F.3d at 697.

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). When multiple prison-condition claims have been joined, § 1997e(a) requires exhaustion as to all claims. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). The assertion that a plaintiff failed to exhaust all available administrative remedies as mandated by the PLRA is an affirmative defense; it is the burden of the defendant asserting this affirmative defense to plead and prove it. Foulk, 262 F.3d at 697. The underlying principle of the 1997e(a) exhaustion requirement is to give notice to administrators and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003); Neal v. Goord, 267 F.3d 116, 120 (2d Cir. 2001).

The Missouri prison grievance process provides that an inmate must first file an Informal Resolution Request ("IRR") within fifteen days of the incident. A response from prison officials is

due thirty days later. Second, the inmate may appeal the IRR response by filing an Inmate Grievance within five working days of receipt of the IRR response. Another response from the prison is due thirty days later. Third, if the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal within five working days of the response. Fourth, if the inmate does not obtain a satisfactory response to the appeal, he may file a second appeal. Smith v. Stubblefield, 30 F. Supp.2d 1168, 1174 (E.D. Mo. 1998). The grievance procedure is considered fully exhausted after step three of the process, i.e., completion of the first appeal. Id.

The evidence shows that plaintiff filed a number of grievances relating to his efforts to secure publication of articles he wrote. He has not, however, filed any grievance pertaining to the issue involved in this case, i.e., the restrictions imposed on the manner in which he may receive payment for his writings. Thus, dismissal without prejudice is appropriate because plaintiff has failed to show that he exhausted his administrative remedies as to his claim that the payment restrictions impermissibly chill his First Amendment rights. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that this motion of defendant Jim Moore for summary judgment (# 36) is **denied.**

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot.**

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 28th day of September, 2005.